THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>GABRIEL DIAZ-ROSADO,<br><br>   Defendant. | Civil No. 19-211 (ADC) |

## OPINION AND ORDER

Before the Court is defendant Gabriel Díaz-Rosado's ("defendant") motion to suppress his incriminating statements. **ECF No. 26**. Therein, he argued multiple statements made to law enforcement agents should be suppressed because they were not given knowingly, voluntarily, and intelligently because of defendant's depression and anxiety, usage of medication on that day, and supposed misleading conduct and coercion by law enforcement agents. *Id*.

The Court referred the matter to Magistrate Judge Giselle López-Soler for a Report & Recommendation ("R & R"). **ECF No. 55**. On March 15, 2022, the Magistrate Judge held a suppression hearing. **ECF No. 101**. On April 19, the Magistrate Judge issued an R & R, in which she made the following findings:

> The credible facts of this case warrant a finding that Defendant waived his right to remain silent voluntarily, knowingly and intelligently. Defendant was read and expressed to have understood the Statement of Rights and Waiver prior to initializing and signing the form. The interview conducted by law enforcement, as

> well as the testimony of the agent, supports the conclusion that Defendant was alert and coherent, understood the charges, and the illegality of his conduct. The evidence also established that Defendant provided coherent and detailed explanations, followed the line of questions without difficulty, and voluntarily expressed remorse for his actions. The evidence of Defendant's history of depression and anxiety, and of his use of Klonopin, even if credited, does not establish that Defendant's statements were in any way involuntary or unknowing. There is absolutely no evidence that Defendant's statements were the product of coercion or threats by law enforcement. The totality of the circumstances supports a finding that Defendant's admissions were not the product of coercion or ignorance. There is no basis to suppress Defendant's statements. The motion to suppress should be **DENIED**.

**ECF No. 103** at 11-12. Nearly four months after the Magistrate Judge issued her R & R, no objection thereto has been lodged in this case. However, Local Rule 72(d) states that parties have 14 days to object to an R&R. *See* D.P.R. L. R. 72(d). Accordingly, the Court hereby deems the R & R at **ECF No. 103** as unopposed and submitted for final determination.

To "accept the unopposed Report and Recommendation, the Court needs only satisfy itself that the Report and Recommendation contains no 'plain error' on the face of the record." *United States v. Pomales-Arzuaga*, 319 F. Supp. 3d 578, 582 (D.P.R. 2018) (citations omitted).

Upon careful review of the record and the contents of the R & R, the Court finds that the Magistrate Judge aptly discerned the pertinent facts, correctly applied the apposite law and addressed defendant's arguments in full. *See generally* **ECF No. 103**. The Court therefore can find no plain error on the face of the record. *Pomales-Arzuaga*, 319 F. Supp. 3d at 582.  For the reasons above, the Court **ADOPTS** the unopposed R & R (**ECF No. 103**) (and herein incorporates it by

reference in full) and **DENIES** defendant's motion to suppress his incriminating statements. **ECF No. 26**.

    **SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of August, 2022.

                                             **S/AIDA M. DELGADO-COLÓN**
                                             **United States District Judge**